IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JAMIE LLOYD BENCKESER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-00559-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Jamie Benckeser ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434, and Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of bipolar disorder, ADHD, history of intravenous methamphetamine abuse, and asthma, but retained the residual functional capacity ("RFC") to perform work as a counter supply worker, meat checker, and trimmer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed his applications on September 16, 2014, alleging a disability onset date of June 1, 2014. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on March 16, 2016, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review, leaving the ALJ's decision as the final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ made three errors requiring remand of this case: (1) leaving unresolved an alleged conflict between the Vocational Expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT"); (2) failing to support the RFC with substantial evidence; and (3) failing to assess the RFC on a function-by-function basis. After reviewing the record and the applicable law, the Court finds the ALJ's decision is supported by substantial evidence.

**I.     A significant number of jobs exist in the national economy that Plaintiff can perform.**

Plaintiff first argues the ALJ erred because he did not resolve a conflict between the VE's testimony and the DOT as to the meat checker job.

Social Security Ruling ("SSR") 00-4p requires the ALJ to "ask about any possible conflict" between VE evidence and "information provided in the DOT." If there is an "apparent unresolved conflict" between VE testimony and the DOT, the ALJ must "elicit a reasonable explanation for the conflict" and "resolve the conflict by determining if the explanation given provides a basis for relying on the [VE] testimony." 2000 WL 1898704, at *2-4 (Dec. 4, 2000). "If there is an unrecognized, unresolved, and unexplained conflict between the VE's testimony and the DOT, the VE's testimony cannot provide substantial evidence to support the ALJ's disability determination." *Bray v. Colvin*, No. 4:12-01257-CV-W-DGK-SSA, 2013 WL 6510743, at *2 (W.D. Mo. Dec. 12, 2013).

---

of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

After the ALJ posed a hypothetical that included limitations ultimately incorporated into the RFC, the VE testified that an individual with those limitations and Plaintiff's vocational profile could perform the work of counter supply worker, 117,000 positions nationally, meat checker, 70,000 positions nationally, and trimmer, 188,000 positions nationally. One limitation in Plaintiff's RFC is that he is to have no interaction with the public. The meat checker position is defined in the DOT as "[m]ay take meat orders from customers." DOT 222.684-010.

The Court need not determine whether there is a conflict between the VE's testimony and the DOT because even assuming Plaintiff is unable to perform the meat checker job, the remaining jobs the VE identified satisfy the Commissioner's burden at Step 5. Because these jobs exist in significant numbers in the national economy, there is no reversible err. *See Welsh v. Colvin*, 765 F.3d 826, 930 (8th Cir. 2014) (finding a significant number of jobs existed when there were 36,000 nationally).

## II. The RFC is supported by substantial evidence

Next, Plaintiff argues the ALJ erred because substantial evidence does not support the RFC. As discussed below, considering Plaintiff's arguments individually and collectively, the Court cannot find that the ALJ erred. Rather, the Court finds the RFC is supported by substantial evidence.

### A. Limiting Plaintiff to simple, unskilled, repetitive work is sufficient to address his limitations in concentration persistence or pace.

First, Plaintiff argues the ALJ did not include any limitations in the RFC as to Plaintiffs difficulties in maintaining concentration, persistence or pace. When an ALJ states that a claimant has impairments of concentration, persistence or pace, the hypothetical must include those impairments. *See Newton v. Chater,* 92 F.3d 688, 695 (8th Cir. 1996) (holding when there is a finding that the claimant has deficiencies of concentration, persistence, or pace, a reference to

4

"simple jobs" in the hypothetical is not enough to constitute inclusion of such impairments). Here, the RFC sufficiently accounts for Plaintiff's limitations in concentration, persistence or pace because it limits Plaintiff to simple, unskilled, repetitive work. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (finding "simple, repetitive, routine tasks adequately captures [a claimant's] deficiencies in concentration, persistence or pace.").

> **B. The ALJ did not err in relying on Dr. Hutson's opinions and by incorporating only those opinions supported by the record.**

Next, Plaintiff attacks the ALJ's consideration of a state agency psychologist, Stanley Hutson's, Ph.D. ("Dr. Hutson") opinions. Plaintiff complains the ALJ did not incorporate all of Dr. Hutson's limitations, his opinion should have been afforded less weight because he was a non-examining physician, and his opinion was issued before the record was complete. All of these arguments are without merit.

Dr. Hutson reviewed Plaintiff's record approximately one year before the ALJ's decision. Dr. Hutson opined that Plaintiff would be moderately limited in maintaining concentration, persistence, or pace, and maintaining attention and concentration for extended periods. He also opined that Plaintiff was moderately limited in social interactions and would "benefit from having limited social interaction in a work setting," but "appear[ed] to be capable of adapting to a work setting." The ALJ gave Dr. Hutson's opinion "great weight" and found his opinion to be "generally consistent" with the record. As a result, the ALJ incorporated into the RFC Plaintiff's limitations in concentration, persistence or pace but did not incorporate any limitations related to maintaining concentration, social interaction with co-workers or supervisors, or maintaining regular attendance.

An ALJ is required to consider medical opinions in the context of the record as a whole. 20 C.F.R. § 404.1527(b). "[A]n ALJ is not required to discuss all the evidence submitted, and an

ALJ's failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000).

The ALJ considered Dr. Hutson's opinions as part of the entire record and incorporated the credible limitations he found consistent with the record. The ALJ was not required to adopt portions of Dr. Hutson's opinion he did not find otherwise supported in the record including the opinion that Plaintiff was moderately limited in interaction with supervisors and co-workers and that Plaintiff could not maintain regular attendance. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) (finding it highly unlikely that the ALJ did not consider portions of a physician's opinion where the ALJ gave specific references to other findings from that physician). Further, the ALJ may rely on a non-examining physician as part of the medical evidence in formulating an RFC. *See* 20 C.F.R. §§ 404.1527 and 416.927 (explaining the ALJ must consider a number of factors when assessing medical opinions including those of state agency consultants). Lastly, the timing of Dr. Hutson's opinions is not fatal to the ALJ's analysis of Plaintiff's RFC because Plaintiff does not point to any later obtained evidence that would have affected the ALJ's assessment of Dr. Hutson's opinion. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2011) (stating the well-established rule is that it is the claimant's burden to prove his RFC).

C. **The ALJ properly considered Plaintiff's GAF scores.**

Plaintiff next argues the RFC is not supported by substantial evidence because the ALJ did not afford enough weight to Plaintiff's global assessment of functioning ("GAF") scores. The GAF scale is used to report the clinician's opinion as to an individual's level of functioning with regard to psychological, social, and occupational functioning. *See Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 2000). Eighth Circuit precedent supports the ALJ's reason for discounting the GAF scores. *See Lawson v. Colvin*, 807 F.3d 962 966 (8th Cir. 2015) (GAF

6

scores are a subjective judgment of a person's ability to function and not a standardized measurement or evaluation).

### D. The ALJ was not required to comment on a third-party statement.

Next, Plaintiff argues the ALJ did not consider a third-party statement from one of the Commissioner's employees. The employee noted Plaintiff had difficulty with coherency and concentration. The ALJ found the Plaintiff had difficulties in concentration, persistence or pace, a similar finding. An ALJ is not required to discuss all the evidence of record, and the failure to cite specific evidence does not mean that the ALJ ignored it. *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010). Merely failing to discuss a third-party statement is not reversible error, particularly when that evidence is already accounted for in the decision. *See Buckner*, 646 F.3d at 559-60. Thus, the ALJ did not err.

## III. The ALJ assessed Plaintiff's RFC on a function-by-function basis.

Finally, Plaintiff argues the ALJ failed to assess his RFC on a function-by-function basis and erroneously assessed the exertional level first, in violation of SSR 96-8p. Plaintiff argues it is impossible to determine from this definition how the ALJ assessed Plaintiff's actual ability to walk, sit, stand, push, and pull.

SSR 96-8p states that the RFC assessment must first identify, on a function-by-function basis, an individual's work-related abilities, including sitting, standing, walking, lifting, and carrying. 1996 WL 374184 (July 2, 1996). After that analysis, the ALJ may express the RFC in terms of the exertional levels of work, such as sedentary, light, medium, heavy, and very heavy. *Id.* An ALJ can meet the requirements of SSR 96-8p without making explicit findings with respect to every possible functional limitation. *See Depover v. Barnhart*, 349 F.3d 563, 567 (8th Cir. 2003).

Here, the ALJ noted he relied on the definition of "medium to heavy work" in 20 C.F.R. §§ 404.1567(c) and 416.967(c). The regulation cited by the sets forth the requirements for medium work and heavy work in terms of the exertional functions of sitting, standing, walking, lifting, and carrying. Citing the regulatory requirements for medium and heavy work reflects a function-by-function analysis because the findings address all functional areas. *See Arant v. Astrue*, No. 5:11-6004-DGK-SSA, 2012 WL 1067740, at *4 (W.D. Mo. Mar. 29, 2012) (finding the ALJ's determination that the claimant could perform light work satisfied the requirements of SSR 96-8p). Accordingly, the ALJ did not err.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   July 19, 2018               /s/ Greg Kays
                                                     GREG KAYS, CHIEF JUDGE
                                                     UNITED STATES DISTRICT COURT